|   |   |
|---|---|
| 44 | 9 |
| 45 | 368 |

## SARAH M. SWAYZE

*v.*

## THE HACKETTSTOWN NATIONAL BANK.

## AURELIUS J. SWAYZE

*v.*

## THE HACKETTSTOWN NATIONAL BANK.

Where a bill is filed under the statute " to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*), an allegation that the defendant, by virtue of a judgment and execution at law against the complainant's grantor, has seized upon and is about to sell lands to which complainant has the legal title, presents no equitable ground for enjoining such sale.

On order to show cause why an injunction should not issue, heard, in each case, upon bill, answer and affidavits.

*Mr.' J. G. Shipman,* for the rule.

*Mr. William H. Morrow, contra.*

THE CHANCELLOR.

The complainant in each of the above-stated cases seeks to restrain the sale of certain lands in Warren county by virtue of an execution issued upon a judgment recovered in the supreme court of this state, against Caleb Swayze and in favor of the Hackettstown National Bank.

On the day on which the judgment was entered the lands in question were the property of Caleb Swayze, but that day they were conveyed by him to Aurelius J. Swayze, who in turn conveyed part of them to Sarah M. Swayze, the wife of Caleb.

The questions presented in the cases are, whether the judgment was lawfully recovered, and, if so, whether it was entered before or after Caleb divested himself of the title.

The bills are filed under the statute " to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*), and seek the settlement of those questions, and, pending such settlement, the restraint of the sale of the lands which have been levied upon under the execution.

The questions are purely legal, and such as should be settled by a court of law.

Independently of the provisions of the statute referred to, this court could have no jurisdiction over them.

The cases do not present a single ground that will warrant the use of the writ of injunction. If the complainants are right in their construction, a sale under the execution will not be prejudicial to them. *Freeman* v. *Elmendorf, 3 Hal. Ch. 475; S. C. on appeal, Id. 655; American Dock and Improvement Co.* v. *Trustees of Public Schools, 5 Stew. Eq. 428; S. C. on appeal, 8 Stew. Eq. 181; Sheldon* v. *Stokes, 7 Stew. Eq. 87; High on Inj. § 266.*

I fail to perceive that the statute above referred to affords any ground which will justify the use of the writ of injunction to stay an attempt to perfect a claim which the defendant pronounces illegal and seeks to have set aside.

The case of *Holmes* v. *Chester, 11 C. E. Gr. 79*, upon which the complainants rely, was heard upon demurrer to the bill, and determined that a bill may be filed under the statute above referred to, notwithstanding an execution has been issued upon a decree of this court, which constitutes the defendant's claim upon the real estate. The question as to the propriety of issuing an injunction to restrain a sale under an execution upon a judgment at law was not discussed. In his opinion upon the final hearing in that case (*12 C. E. Gr. 423*), the chancellor (Runyon) said that the demurrer merely called in question the right of the complainant under the circumstances of the case to maintain a suit in this court by virtue of the statute.

In *Havens* v. *Thompson, 8 C. E. Gr. 321* (also a case under the statute referred to), the motion made to dissolve the injunction which restrained an intended sale under an attachment was put upon the ground that the defendants' claim was not a just and legal lien. The chancellor reserved the determination of the question till the final hearing, and with it retained the injunction. The question involved here was not raised in that case.

The order to show cause will be discharged, with costs.